UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 17-00608 SJO (AJWx) | **DATE:** May 16, 2017 |
| **TITLE:** Tika Shishmanian v. ARS National Services, Inc., et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT** [Docket No. 11]

This matter is before the Court on Defendant ARS National Services, Inc.'s ("ARS" or "Defendant") Motion to Dismiss Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"), filed April 30, 2017. Plaintiff Tika Shishmanian ("Shishmanian" or "Plaintiff") filed an Opposition on May 1, 2017.[1] Defendant filed a Reply on May 8, 2017.[2] The Court found the matter suitable for disposition without oral argument and vacated the hearing set for May 22, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following. On or around August 22, 2016, Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt originally owed to Capital One Bank (USA), N.A., in the amount of $16,020.12. (Complaint ("Compl.") ¶ 9, ECF No. 1.) The letter contained payment options that were "confusing and implied that Plaintiff [was] obliged to choose one of them and strictly abide by Defendant's unilateral terms." (Compl. ¶ 10.) Defendant made misrepresentations as to the nature of the debt, the legal status of the debt, and services rendered in connection with collection on the debt. (Compl. ¶ 11.) Specifically, the letter stated that the alleged debt met requirements for legal action and that Plaintiff was legally obligated to pay the

---

[1] Plaintiff's Opposition exceeded the 20-page limit established by this Court's Initial Standing Order ("ISO"). (*See*, ISO ¶ 24, ECF No. 8.) Accordingly, the Court only considered the first 20 pages of the Opposition.

[2] Similarly, Defendant's Reply exceeded the 5-page limit established by this Court's ISO. (*See* ISO ¶ 24.) Accordingly, the Court only considered the first 5 pages of the Reply. Going forward, both parties are instructed to read and comply with the Local Rules and this Court's ISO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-00608 SJO (AJWx)          DATE: May 16, 2017

debt. (Compl. ¶¶ 12-13.) As a result of Defendant's letter and "subsequent actions" Plaintiff felt "confused" as to the legal status of the debt and felt "deceived, anxious, and harassed." Additionally, she alleges her "credit has suffered."³ (Compl. ¶¶ 14-16.)

In her Complaint, Plaintiff alleges violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. sections 1692, *et seq.*, including sections 1692d, 1692e(2), 1692e(4), 1692e(5), and 1692e(10); and (2) the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code sections 1788-1788.32, including section 1788.17.⁴ (Compl. ¶¶ 29-42.) Plaintiff seeks statutory and actual damages, costs, prejudgment interest, and attorneys' fees as provided under the FDCPA and Rosenthal Act. (Compl. 10, 13-14.)

Defendant moves to dismiss the action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"); and failure to allege facts sufficient to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

///
///
///
///
///

---

³ Defendant attached a copy of the August 22, 2016 Letter (the "Letter") to its Motion and references it as "Exhibit A." (*See* Decl. of Erica Iwaszkiewicz in Supp. of Def.'s Mot. to Dismiss ("Iwaszkiewicz Decl."), Ex. A, ECF No. 11-2.) The Court considers the Letter as part of the Complaint for purposes of the instant Motion, for although a court in ruling on a motion to dismiss generally may not "consider[] evidence outside the pleadings . . . [a] court may, however, consider certain materials—documents attached to the complaint, *documents incorporated by reference in the complaint*, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (emphasis added); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Where, as here, Plaintiff's claims for violations of the FDCPA and the Rosenthal Act allege the existence of a letter, the Court finds consideration of the Letter appropriate.

⁴ For the purposes of this Order, the citation "Section 1692x" shall refer to sub-section "x" of section 1692 of the FDCPA. The citation "Section 1788.x" shall refer to the sub-section "x" of section 1788 of the California Civil Code.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 17-00608 SJO (AJWx)          **DATE:** May 16, 2017

II.     DISCUSSION

     A.     Dismissal for Lack of Subject Matter Jurisdiction

         1.     Legal Standard: Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Comtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (citation omitted). Federal question jurisdiction arises where the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted). In a facial attack, the challenger "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quotation marks and citation omitted) (stating that district court resolves a facial attack as it would a Rule 12(b)(6) motion by accepting plaintiff's allegations as true and drawing all reasonable inferences in favor of plaintiff). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039 (describing jurisdiction attack as factual where defendant challenged plaintiff's contention that grass residue constituted solid waste under relevant federal statute); *see also Leite*, 749 F.3d at 1121. For factual attacks, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and need not presume the truthfulness of the plaintiff's allegations. *Safe Air*, 373 F.3d at 1039 (citations omitted).

Dismissals premised on federal question jurisdiction are "exceptional" and warranted where the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (citation omitted). Federal question jurisdiction is not defeated "by the possibility that [the plaintiff] might fail to state a cause of action on which [she] could actually recover." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 17-00608 SJO (AJWx)    **DATE:** May 16, 2017

  2. Jurisdictional Dismissal is Not Proper

Defendant's Rule 12(b)(1) argument is that on the face of the Complaint, Plaintiff has failed to identify any actual damage or injury , and without injury, Plaintiff has no standing. (*See* Mot. 4-6.) This argument fails.

First, the Court notes that Plaintiff is bringing a claim under the FDCPA, a federal statute, for a representation Defendant made in connection with collecting Plaintiff's unpaid debt. Second, by disputing whether Plaintiff can "allege a claim that comes within the definitional reach of [the relevant federal statute]"–i.e., whether Plaintiff has shown injury-in-fact–Defendant does not demonstrate lack of subject matter jurisdiction, but instead attacks the merits of Plaintiff's claims and her ability to seek relief under the FDCPA and Rosenthal Act. *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983) (collecting cases). In such cases, where the disputed issue "goes to the merits of the claim, a dismissal should be based on a Rule 12(b)(6) or a summary judgment motion, rather than a Rule 12(b)(1) motion." *Timberlane Lumber Co. v. Bank of Am.*, 549 F.2d 597, 602 (9th Cir. 1976); *see also Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)."). The Court does not find sufficient support to conclude that Plaintiff's claims are wholly insubstantial, frivolous, or made solely for the purpose of obtaining federal question jurisdiction. *See Steel*, 523 U.S. at 89.

Accordingly, the Court **DENIES** Defendant's Motion on the Rule 12(b)(1) ground. The Court now turns to Defendant's Rule 12(b)(6) argument..

  B. Dismissal for Failure to State a Claim

    1. Legal Standard:  Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A plaintiff's cause of action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to be read in conjunction with Rule 8). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 545 (citation and quotation marks omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority  ___
Send      ___
Enter     ___
Closed    ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** CV 17-00608 SJO (AJWx)          **DATE:** May 16, 2017

    2.    <u>Plaintiff Fails to State a Claim Under the FDCPA</u>

The FDCPA was created to protect consumers from unfair and deceptive debt collection practices. See 15 U.S.C. § 1692.  There are three threshold requirements for an FDCPA claim: "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA."  *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058 (C.D. Cal. 2009) (citation omitted). "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation omitted). Here, Defendant argues that the FDCPA claim should be dismissed because the factual allegations are insufficient to support such a claim.  (Mot. 7-11.)  The Court agrees.

Here, the Complaint alleges facts satisfying two of the three threshold requirements.  First, Plaintiff alleges that she is a "consumer" and "debtor" under the FDCPA–"any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  Second, as alleged in the Complaint, Defendant is a "debt collector" as defined by Section 1692a(6) of the FDCPA:  They are a company "engaged, by use of mail, in the business of collecting . . . debt[s]."  (Compl. ¶ 5.)  However, with respect to the third requirement, the Complaint is "devoid of facts to suggest that Plaintiff, let alone, the unsophisticated consumer would likely be mislead by [] Defendant's singular communication."  (Mot. 10.)

The Court next turns to the specific FDCPA sections that Plaintiff alleges Defendant violated: Sections 1692d and 1692e.

    a.    <u>Section 1692d</u>

A debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d. Plaintiff fails to make a plausible claim under this section.  Plaintiff alleges no facts suggesting that the communication constituted violence or threat of violence, obscene language, or any of the examples of prohibited conduct enumerated in Section 1692d.  Thus, the FDCPA claim under Section 1692d fails.

    b.    <u>Section 1692e</u>

Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Such a statement must be "material" to be actionable.  *Donohue*, 592 F.3d at 1033 (citation omitted). "Whether conduct violates Sections 1692e . . . requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at 1033 (quoting *Guerrero*, 499 F.3d at 934).  Specifically, Plaintiff alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** <u>CV 17-00608 SJO (AJWx)</u>   **DATE:** <u>May 16, 2017</u>

violations of Section 1692e(2)(A), Section 1692e(2)(B), 1692e(4), 1692e(5), and Section 1692e(10).  Here, again, Plaintiff not only failed to include the allegedly offending communication, i.e., the August 22, 2016 Letter, Plaintiff further failed to identify which portions of the Letter amount to "false, deceptive, or misleading representation."  Consequently, Plaintiff has not alleged "more than a sheer possibility that [Defendant] has acted unlawfully."  *Ashcroft*, 566 U.S. at 678.  Without more, the Court finds that these Section 1692e allegations are nothing more than "formulaic recitation[s] of the elements of a cause of action" and also fail.  *Id.*

Accordingly, Defendant's Motion as to the FDCPA claims is **GRANTED**.

    4.    <u>Plaintiff Fails to State a Rosenthal Act Violation</u>

Plaintiff sues under the Rosenthal Act as a supplemental state claim.  "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations."  *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ.Code § 1788.17).  Accordingly, to maintain a Rosenthal Act claim, the plaintiff must allege that he is a "debtor," that the defendant is a "debt collector," and that the defendant committed a violation of the FDCPA.  *See Robinson*, 654 F. Supp. 2d at 1058.  "[A]ny conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA [otherwise known as the Rosenthal Act] as well."  *Id.* at 1060.

As discussed above, Plaintiff fails to allege conduct constituting a violation of Section 1692d or 1962e.  Thus, it follows that Defendant's Motion on the Rosenthal Act claim is also **GRANTED**.

    C.    <u>Dismissal With Leave to Amend</u>

When granting a motion to dismiss, the Court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the Court examines whether amending the Complaint could cure the defects requiring dismissal "without contradicting any of the allegations of [the] original complaint."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Here, the Court dismisses Plaintiff's Section 1692d and Section 1692e claims under the FDCPA, and the Rosenthal Act claim.  Because the claims are dismissed on the basis of failure to plead sufficient facts, the Court finds that granting Plaintiff the opportunity to amend her Complaint as to these claims is appropriate.

///
///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 17-00608 SJO (AJWx)            **DATE:** May 16, 2017

III.    RULING

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion to Dismiss the Complaint.  The Motion is **DENIED** on the Federal Rule of Civil Procedure 12(b)(1) ground.  On the Federal Rule of Civil Procedure 12(b)(6) ground, the Motion is **GRANTED with leave to amend**.  The Court also **DENIES** Defendant's request for sanctions.

Plaintiff may file an amended complaint to correct the deficiencies within **ten (10) days** of the issuance of this Order.  Should Plaintiff file an amended complaint, Defendant shall file an answer or otherwise respond within **ten (10) days** thereafter.  Strict compliance with this Court's Order is required.

IT IS SO ORDERED.